UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN K. BOULB,

   Petitioner,

      v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 23-cv-198-JPG
Crim No. 12-cr-40097-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Brian K. Boulb's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). This is not Boulb's first § 2255 motion. In his first motion, *Boulb v. United States*, No. 14-cv-737-JPG (S.D. Ill.), Boulb advanced the argument that his prior convictions did not support career offender status. The Court denied that motion as untimely, and the Court of Appeals affirmed that decision. *See Boulb v. United States*, 818 F.3d 334 (7th Cir. 2016). Additionally, the Court of Appeals has denied Boulb leave to file a second or successive petition under § 2255 at least four times: *Boulb v. United States*, No. 17-2588 (7th Cir. Aug. 10, 2017); No. 17-3384 (7th Cir. Dec. 7, 2017); No. 22-1307 (7th Cir. Mar. 10, 2022); No. 22-2263 (7th Cir. July 22, 2022). And this Court has dismissed four § 2255 motions—one disguised as a motion under the First Step Act (No. 12-cr-40097-JPG; Docs. 56 & 58), one as a motion under Federal Rule of Civil Procedure 60(b) (No. 12-cr-40097-JPG; Docs. 62 & 63), one as a motion to reduce sentence (No. 12-cr-40097-JPG; Docs. 64 & 65), and another as a motion to withdraw his guilty plea (No. 12-cr-40097-JPG; Docs. 66 & 67)—because Boulb did not have permission from the Court of Appeals to file them.

Boulb's pending motion is a successive petition. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition

pursuant to 28 U.S.C. § 2255(h).  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The Court of Appeals has not made such a certification and has, in fact, refused Boulb's requests for such a certification numerous times.  Therefore, the Court does not have jurisdiction to consider Boulb's motion (Doc. 1), **DISMISSES** it for lack of jurisdiction, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate is required even for cases in which the court dismissed an unauthorized second or successive collateral attack for lack of jurisdiction.  *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).  The Court finds that Boulb has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability**.**

**IT IS SO ORDERED.**
**Dated: January 25, 2023**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**